IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| **DUSTIN H. FRAZIER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CASE NO. 1:11-cv-00116-C |
| § | |
| **BANK OF AMERICA d/b/a FIA** § | |
| **CARD SERVICES and LEADING** § | |
| **EDGE RECOVERY SOLUTIONS, LLC,** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, Leading Edge Recovery Solutions, LLC, asks the court to protect it from Plaintiff's Request for Disclosures, Request for Production, and Interrogatories.

A. Introduction

1. Plaintiff is Dustin H. Frazier; Defendant is Leading Edge Recovery Solutions, LLC

2. Plaintiff sued Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Finance Code.

3. The above-captioned civil action was originally filed in the 350th District Court of Taylor County, Texas.

4. On June 22, 2011, Plaintiff served the attached Request for Disclosures, Request for Production, and Interrogatories. All of Plaintiff's discovery requests are objectionable requests.

5. On July 6, 2011, the above-captioned civil action was removed to the United States District Court for the Northern District of Texas, Abilene Division.

6.   Defendant, Leading Edge Recovery Solutions, LLC, attempted to confer with Plaintiff in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c)(1) and as shown in the attached certificate of conference.  Because Defendant was unable to confer with Plaintiff, the dispute remains unresolved.

### B. Argument

7.   A court has broad discretion to issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the non-movant and the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

8.   In this case, there is good cause for the court to protect Defendant with a protective order.  Thus, Defendant asks the court to exercise its discretion and grant a protective order.

9.   The Federal Rules of Civil Procedure do not allow the service of discovery prior to a conference pursuant to Rule 26(f); Federal Rules of Civil Procedure (referred to hereafter as "FRCP").  Rule 26(d)(1) provides that "[a] party may not seek discovery **from any source** (emphasis added) before the parties have conferred as required by Rule 26(f)..."  No discovery has been served on the Defendant subsequent to a Rule 26(f) conference and the Plaintiff has not alleged otherwise.  Therefore, under the FRCP the Defendant is under no obligation to respond to any discovery requests.

10. On July 7, 2011, the court issued an order stating "Unless further ordered by the court…no conferences are required under Rule 26(f), Federal Rules of Civil Procedure." (Doc. 2, No. 2) No discovery has been served on the Defendant subsequent to the court's July 7, 2011, order and the Plaintiff has not alleged otherwise. Therefore, under the FRCP the Defendant is under no obligation to respond to any discovery requests.

11. The Fifth Circuit has previously addressed the same issue as in the instant case, whether or not state law and procedure was to be applied to discovery requests served prior to removal, albeit involving the laws of Louisiana instead of Texas. The court ruled that there is a "well-settled rule that once a state court action is removed, it is governed by federal, rather than state procedure," *McIntyre v. K-Mart*, 794 F.2d 1023, 1025 (5th Cir. 1986).

12. This exact issue was again addressed in *Cowboy Mouth v. Monkey Hill Prod.*, 1998 U.S. Dist. Lexis 17776 (E.D. La. 1998). The court noted that Rule 26(d) "prohibits the commencement of discovery until the parties have met, conferred, and submitted the discovery plan required by Fed. R. Civ. P. 26(f)," *id*. at *2. The court went on further to state that the discovery served under state court rules prior to removal "was premature and violated the Rule 26(d) bar," *id*. The *Cowboy Mouth* the court relied on *McIntyre*, *supra*, in reaching its decision.

13. In *Riley v. Walgreen*, 233 F.R.D. 496 (S.D. Tex. 2005), a party who had served discovery on their opponent prior to the removal of the case to the United States District Court argued that their opponent had waived all objections to the discovery because it was not timely answered "within the time required by the Texas Rules of Civil Procedure," *id*. at 498. The court responded as follows:

> The federal procedural rule most pertinent here is *Rule 26(d)*, which proscribes discovery from any source before the parties have conferred as required by *Rule*

*26(f)*. Several categories of cases are exempted from the rule, but there is no exemption for removed cases."

*Id*. Again, the court relied on the *McIntyre* decision.

14. Plaintiff's Request for Disclosure is a discovery procedure created by Rule 194 of the Texas Rules of Civil Procedure. There is no analogous discovery procedure created by the FRCP. The case has been removed to federal court and the Defendant does not have to respond to a state discovery procedure. The same rationale applies to the Plaintiff's interrogatories and requests for production.

## C. Conclusion

7. The Plaintiff served Defendant with Request for Disclosures, Requests for Production, and Interrogatories while the above-captioned case was pending in state court. The case was properly removed to federal court. Discovery served under state court rules prior to removal was premature and violated the Rule 26(d) bar. No discovery has been served on the Defendant subsequent to a Rule 26(f) conference and the Plaintiff has not alleged otherwise. Therefore, under the FRCP the Defendant is under no obligation to respond to any discovery requests. No discovery has been served on the Defendant subsequent to the court's July 7, 2011, order and the Plaintiff has not alleged otherwise. Therefore, under the FRCP, the Defendant is under no obligation to respond to any discovery requests. For these reasons, Defendant, Leading Edge Recovery Solutions, LLC, asks the court to set its motion for protective order for hearing and, after the hearing, to issue an order protecting Defendant, Leading Edge Recovery Solutions, LLC, from Plaintiff's Request for Disclosures, Request for Production, and Interrogatories by denying the requested discovery.

Respectfully submitted,

**BUSH & RAMIREZ, LLC**


*//s// Keith Wier*
Keith Wier; SBN: 21436100
Fed. ID No. 7930
24 Greenway Plaza, Suite 1700
Houston, TX 77046
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEY FOR DEFENDANT,
LEADING EDGE RECOVERY
SOLUTIONS, LLC**

## CERTIFICATE OF CONFENCE

I certify that I made reasonable efforts to confer with opposing counsel, Kimberly Soard, but she has not responded. Accordingly, I cannot represent to the Court whether opposing counsel opposes or does not oppose this Motion for Protective Order.

*//s// Keith Wier*
Keith Wier

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kimberly Soard
LAW OFFICE OF KIMBERLY SOARD, P.C.
3722 Bristleleaf Dr.
Katy, TX 77449

*//s// Keith Wier*
Keith Wier